**Original filed 2/27/07**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TERRENCE RUFFIN, | ) | No. C 02-5477 JF (PR) |
| Plaintiff, | ) | |
| vs. | ) | ORDER OF SERVICE |
| J. REYNOSO, Et Al., | ) | |
| Defendants. | ) | |

Plaintiff Terrence Ruffin filed this pro se civil rights action when he was incarcerated at Pelican Bay State Prison.[1]  The Court granted Plaintiff leave to proceed in forma pauperis and dismissed the complaint with leave to amend.   Plaintiff has filed an amended complaint,  which the Court now reviews under 28 U.S.C. § 1915A(a).

**BACKGROUND**

Plaintiff alleges that on June 7, 2002 at Pelican Bay State Prison, Correctional Officer J. Reynoso and Sgt. R.K. Bell used unnecessary and excessive force against him after separating him from his cellmate and while escorting him from the cell.  He also claims that after assaulting him Defendants strapped him to a "Stokes litter" and

---

[1] Plaintiff is now on parole.

denied him medical attention for his injuries.  He further alleges that Reynoso then placed him in a cell which was not his assigned cell, and into which chemicals had been sprayed.  Plaintiff states that he was forced to stay overnight in the chemical-saturated cell while suffering from his injuries, without clothing, a mattress or blanket, and that he spent all night coughing and choking.  Plaintiff alleges that the cell removal and use of force occurred because Plaintiff is black and his cellmate is white, as evidenced by racially derogatory statements Defendants made before they assaulted him.

Plaintiff alleges causes of action under the First and Eighth Amendments, and the Equal Protection Clause of the Fourteenth Amendment.  He seeks monetary damages.

## DISCUSSION

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  Id. at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Eighth Amendment Claims

Plaintiff alleges that Defendants used excessive force against him, denied him medical care for his injuries, and acted with deliberate indifference to his safety by

2

placing him in a cell saturated with chemicals. Liberally construed, these allegations present cognizable claims for relief under the Eighth Amendment. See Hudson v. McMillian, 503 U.S. 1, 6 (1992) (whenever prison officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm); Estelle v. Gamble, 429 U.S. 97, 104 (1976) (deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment); Farmer v. Brennan, 511 U.S. 825, 837 (1994) (a prison official can be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement if the official knows of and disregards an excessive risk to inmate health or safety).

C.   First Amendment Claim

Plaintiff alleges that he was separated from his cellmate and assaulted because he is black and his cellmate is white, in violation of his First Amendment right to freedom of association.

The First Amendment prohibits government officials from "abridging the freedom of speech . . . or the right of the people peaceably to assemble." U.S. Const. amend. I. Prisoners retain those First Amendment rights not inconsistent with their status as prisoners or with legitimate penological objectives of the corrections system. See Pell v. Procunier, 417 U.S. 817, 822 (1974). While the Supreme Court has held that the First Amendment right to freedom of association is among the rights least compatible with incarceration, Overton v. Bazzetta, 539 U. S. 126, 131 (2003), it has not determined the scope of associational rights that prisoners might retain, id. at 132; see Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 125-26 (1977) (The "inmate's 'status as a prisoner' and the operational realities of a prison dictate restrictions on the associational rights among inmates."). Nevertheless, prison

regulations that infringe on a prisoner's First Amendment rights are valid only so long as they are "reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987).

Liberally construed, Plaintiff's allegation that he was removed from his cell and assaulted because he chose to be cellmates with an inmate of a difference race states a cognizable First Amendment claim.

C.   Equal Protection Claim

Plaintiff claims that Defendants' actions violated his right to equal protection. In order to present an equal protection claim, a prisoner must allege that his treatment is invidiously dissimilar to that received by other inmates. More v. Farrier, 984 F.2d 269, 271-72 (8th Cir. 1993) (absent evidence of invidious discrimination, federal courts should defer to judgment of prison officials). Plaintiff alleges that because he celled with an inmate of another race he was forcibly removed from his cell and beaten. The inference to be drawn is that inmates who cell with inmates of the same race are not treated in this manner. Liberally construed, Plaintiff's allegations state a cognizable claim for relief.

**CONCLUSION**

1. The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, a copy of the amended complaint in this matter (docket no. 9), all attachments thereto, and a copy of this order on Defendants Correctional Officer J. Reynoso and Sgt. R.K. Bell at Pelican Bay State Prison. The Clerk shall also serve a copy of this order on Plaintiff.

2. In order to expedite the resolution of this case, the Court orders as follows:

   a. No later than **sixty (60) days** from the date they are served with the amended complaint, Defendants shall file a motion for summary judgment or other dispositive motion, or shall notify the Court that they are of the opinion that this case

cannot be resolved by such a motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.

All papers filed with the Court shall be promptly served on Plaintiff.

b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants' counsel no later than **thirty (30) days** from the date Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to pro se plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)

5

(holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

        c. Defendants shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

        d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

   3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

For Plaintiff's information, the proper manner of promulgating discovery is to send demands for documents or interrogatories (questions asking for specific, factual responses) directly to Defendants' counsel. See Fed. R. Civ. P. 33-34. The scope of discovery is limited to matters "relevant to the claim or defense of any party . . ." See Fed. R. Civ. P. 26(b)(1). Discovery may be further limited by court order if "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2). <u>In order to comply with the requirements of Rule 26, before deciding to promulgate discovery Plaintiff may find it to his benefit to wait until Defendants have filed a dispositive motion which could include some or</u>

1  all of the discovery Plaintiff might seek.  In addition, no motion to compel will be
2  considered by the Court unless the meet-and-confer requirement of Rule 37(a)(2)(B)
3  and N.D. Cal. Local Rule 37-1 has been satisfied.  Because Plaintiff is incarcerated he
4  is not required to meet and confer with Defendants in person.  Rather, if his discovery
5  requests are denied and he intends to seek a motion to compel he must send a letter to
6  Defendants to that effect, offering them one last opportunity to provide him with the
7  sought-after information.

8       4. All communications by Plaintiff with the Court must be served on
9  Defendants' counsel once counsel has been designated, by mailing a true copy of the
10 document to Defendants' counsel.

11      5. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the
12 Court and the parties informed of any change of address and must comply with the
13 Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this
14 action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

15      6. Extensions of time are not favored, although reasonable extensions will be
16 granted.  Any motion for an extension of time must be filed no later than **ten (10)** days
17 prior to the deadline sought to be extended.

18      IT IS SO ORDERED.
19 DATED: 2/27/07
                                    JEREMY FOGEL
20                                  United States District Judge